IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHAEL OLIVER, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RICHARD HULL, ) <br> ) <br> Defendant. ) | No. 2:24-cv-02565-SHL-cgc |

**ORDER DIRECTING DEFENDANT TO SUPPLEMENT NOTICE OF REMOVAL**

This matter is before the Court on Defendant Richard Hull's Notice of Removal (ECF No. 1), filed on August 9, 2024. Hull asserts that this Court has subject matter jurisdiction over Plaintiffs' claims based on diversity of citizenship, which only applies to actions where the amount in controversy exceeds $75,000. (Id. at PageID 2.) To satisfy the amount in controversy requirement, Hull aggregates each Plaintiff's claim for damages. (Id.) Because aggregation is only appropriate in certain situations, the Court **DIRECTS** Hull to supplement his Notice of Removal with additional authority to support his assertion. The Court also **CANCELS** the scheduling conference in this matter pending a determination on subject matter jurisdiction.

Plaintiffs Michael Oliver, Eveline Newton, and Bradley Faulkner bring negligence and negligence per se claims against Hull after Hull reversed his vehicle into the front of Faulkner's car while the parties were stopped at an intersection. (ECF No. 1-1 at ¶¶ 3, 5–7, 12.) Each Plaintiff seeks a total damages award of $70,000. (Id. at PageID 13.) Hull removed this case from the Shelby County Circuit Court under 28 U.S.C. § 1441(a), which permits removal to a district court with original jurisdiction over the subject matter of the plaintiff's claims. (Id.) Hull's sole basis for this Court's subject matter jurisdiction over Plaintiffs' claims is diversity of citizenship.

A district court can exercise diversity of citizenship jurisdiction over actions between

citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). At least one plaintiff's claim must independently satisfy the amount in controversy requirement. Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006), abrogated on other grounds by Hertz Corp. v. Friend, 559 U.S. 77 (2010). A single plaintiff can aggregate the value of her claims against a defendant to meet this threshold requirement. Id. But the same is not true for multiple plaintiffs. Id.

Two or more plaintiffs may only aggregate the value of their claims to meet the amount in controversy requirement when they are uniting "to enforce a single title or right in which they have a common and undivided interest." Id. (quoting Troy Bank v. G.A. Whitehead & Co., 222 U.S. 39, 40–41 (1911)). This common fund exception typically involves "claims to a piece of land, a trust fund, an estate, an insurance policy, a lien, or an item of collateral" that the plaintiffs claim as common owners. Id. at 824 (quoting Gilman v. BHC Sec., Inc., 104 F.3d 1418, 1424 (2d Cir. 1997)). The "identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." Sellers v. O'Connell, 701 F.2d 575, 579 (6th Cir. 1983).

Here, each Plaintiff could have sued Hull separately without any effect on their individual claims. Thus, they do not have a common and undivided interest in their personal injury claims. Because each Plaintiff only seeks $70,000, the amount in controversy requirement does not appear to be satisfied. Plaintiffs did not move to remand their case back to state court for lack of subject matter jurisdiction. But the Court can raise the issue of subject matter jurisdiction sua sponte. Klepsky v. United Parcel Serv., Inc., 489 F.3d 264, 268 (6th Cir. 2007).

Because the authority cited above undermines Hull's assertion that the amount in controversy requirement can be satisfied by aggregating each Plaintiff's claim, the Court

**DIRECTS** Hull to supplement his Notice of Removal with authority to support his contention by **October 4, 2024**. Otherwise, based on the foregoing, the Court will sua sponte remand this matter back to Shelby County Circuit Court. The Court also **CANCELS** the scheduling conference in this matter set for Wednesday, September 25, 2024, at 10:30 a.m., pending a determination on subject matter jurisdiction.

**IT IS SO ORDERED,** this 24th day of September, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE